**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

DAVID EMMONS STONE,

Petitioner,

v.

KEITH A. BAYNES,

Respondent.

Civil Action No.: JKB-21-0619

**MEMORANDUM OPINION**

Pending are Petitioner David Emmons Stone's (1) Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, (2) Motion for Temporary Stay of the Retrial Proceedings in *State of Maryland v. Stone*, and (3) Renewed Motion to Stay All Further Proceedings, Including the May 5, 2021 Status Conference, in *State of Maryland v. Stone*. ECF Nos. 1, 3, 8. In both of his Motions, Stone requests that this Court temporarily stay his retrial proceedings in the Circuit Court of Cecil County, Maryland until this Court rules on the instant Petition for Writ of Habeas Corpus. ECF No. 3 at 1. Respondent filed a limited response to all of the above pleadings, and Stone replied. ECF Nos. 13, 14. The matter is now ripe for review. After review of these filings, the Court finds no need for an evidentiary hearing. *See* Rules 1(b), 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2021). For the reasons discussed below, the Petition shall be DISMISSED without prejudice, and the two pending Motions shall be DENIED.

## BACKGROUND

Stone was convicted in the Circuit Court of Cecil County on one count of theft of property valued between $25,000 and $100,000, on a theory of a continuing course of conduct.[1] ECF No. 13-1 at 12.[2] On August 20, 2019, Stone was sentenced to eight years of incarceration and ordered to pay $50,000 in restitution. *Id.* at 8–9. Stone filed a direct appeal to the Maryland Court of Special Appeals on three questions:

1) Did the trial court give an instruction on a lesser-included offense when neither side requested it, in violation of *Hagans v. State*, 316 Md. 429 (1989)?

2) Was Stone convicted of a 'non-existent' charge?

3) Did Stone's trial counsel provide ineffective assistance of counsel?

*Stone v. State of Maryland*, No. 1192, 2021 WL 514287, at *1 (Md. Ct. Sp. App. Feb. 11, 2021).

On the first question, the Court of Special Appeals reversed Stone's lone theft conviction and remanded the matter to the circuit court for a new trial "because the trial court allowed the jury to consider a lesser-included charge of theft despite the fact that neither party made such a request." *Id.* (citing *Hagans*, 316 Md.). The Court of Appeals of Maryland denied Stone's petition for certiorari on March 1, 2021. ECF No. 13-1 at 5. Stone's retrial in the Circuit Court of Cecil County is scheduled on September 21, 2021. *Id.* at 4.

Stone filed the instant Petition on March 10, 2021, challenging the retrial proceedings on the "primary" ground that the State of Maryland cannot retry Stone on the same theft count under the Fifth Amendment double jeopardy clause because the prosecution's evidence at the first trial was unconstitutionally insufficient under *Jackson v. Virginia*, 443 U.S. 307 (1979), and the

[1] Stone was acquitted of second-degree burglary, malicious destruction of property, and theft based on a theory of unauthorized control. The jury could not reach a verdict on a fourth-degree burglary charge, on which the State later entered a charge of nolle prosequi. ECF No. 13-1 at 12.

[2] Citations are to the record reference page numbers assigned by the Court's electronic docketing system.

"secondary" ground that Stone's trial counsel provided ineffective assistance of counsel in violation of the Sixth Amendment by failing to move for a judgment of acquittal on the theft count when the evidence was clearly insufficient. ECF No. 1-2 at 20.

## DISCUSSION

The exhaustion requirement found in 28 U.S.C. § 2254(b) applies to petitions filed pursuant to 28 U.S.C. § 2241. *See Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); *see also Timms v. Johns*, 627 F. 3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to § 2241 petition challenging civil commitment); Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts (2019) (stating that a district court may also apply these rules to a habeas corpus petition that is not filed under 28 U.S.C. § 2254). The exhaustion provision states:

> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

28 U.S.C. § 2254(b).

Thus, before filing a federal habeas petition, a petitioner must exhaust each claim presented by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U.S. 509, 521 (1982). The state courts are to be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475, 492 (1973). The claim must be fairly presented to the state courts; this means that a petitioner must present both the operative facts and controlling legal principles. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted), *cert. denied*, 121 S. Ct. 1194 (2001).

Respondent asserts that Stone's double jeopardy claim has not been presented to the state court and is therefore unexhausted. ECF No. 13 at 9. The Petition states that Stone "raised the issues presented in his § 2241 petition in his briefs and oral argument on direct appeal to the Maryland Court of Special Appeals and in a petition for writ of certiorari filed with the Maryland Court of Appeals." ECF No. 1-2 at 5–6. Additionally, in his first Motion to Stay, Stone argues that he "attempted to raise his insufficient-evidence/double-jeopardy claim on direct appeal in the Maryland courts – by raising a threshold ineffective assistance claim to excuse the procedural default caused by [Stone's] trial counsel's failure to have moved for a judgment of acquittal at trial – but the Maryland appellate courts refused to address the merits of the threshold ineffectiveness claim." ECF No. 3 at 3.

There are two distinct double jeopardy issues present in the pleadings. The first, as Respondent notes and Stone acknowledges in his Reply brief, was specifically addressed by the Court of Special Appeals, which found that Stone had not properly raised the issue of whether a double jeopardy violation occurred when the jury acquitted Stone on the charge of "unauthorized

control" theft, but found him guilty of "continuing course-of-conduct" theft. ECF No. 13 at 10; ECF No. 14 at 1–2. The Court of Special Appeals noted the following:

> Appellant also argues in his reply brief that his conviction violates the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution and Maryland common law because he was found not guilty of theft (unauthorized control) while being found guilty of theft (continuing course of conduct). His argument is that since it is the taking of the same property in each count and also charged pursuant to the same consolidated theft statute, the not guilty verdict in the former bars conviction in the latter.
>
> This issue is not before us. Appellant did not plead this issue in his initial brief. "We have long and consistently held to the view that 'if a point germane to the appeal is not adequately raised in a party's brief, the court may, and ordinarily should, decline to address it.'" *Oak Crest Vill., Inc. v. Sherwood Murphy*, 379 Md. 229, 241 (2004) (quoting *DiPino v. Davis*, 354 Md. 18, 56 (1999); *see also* Md. R. 8–504(a)(5).

*Stone*, 2021 WL 514287, at *6. Nevertheless, the Court observed:

> Appellant was put in jeopardy of two charges that were, as he says, different "species" of the consolidated theft statute. (Reply brief, p. 5). Appellant, however, fails to cite any authority for his proposition that being found not guilty of one aspect of a consolidated statute precludes a guilty finding of every other aspect of the consolidated statute.
>
> Our review of Maryland case law would suggest just the opposite. The theft statute brought together numerous larceny related offenses into a singular statute.
>
>> By chapter 849 of the Acts of 1978, codified as 340–344 of Art. 27, the General Assembly of Maryland, effective July 1, 1979, consolidated a number of theft-related offenses (not involving force or coercion) into a single newly created statutory offense known as theft. Section 341 specifies that "[c]onduct designated as theft" under the Act's provisions "constitutes a single crime embracing, among others, the separate crimes heretofore known as larceny, larceny by trick, larceny after trust, embezzlement, false pretenses, shoplifting, and receiving stolen property." Section 342 enumerates five different types of criminal conduct as constituting theft under the statute, *i.e.*, (a) obtaining or exerting unauthorized control; (b) obtaining control by deception; (c) possession of stolen property; (d) obtaining control of lost, mislaid or mistakenly delivered property; and (e) obtaining services by deception.
>
> *Jones v. State*, 303 Md. 323, 326–27 (1985).

> The crime of theft is codified currently at CL section 7–101 *et seq*. The purpose of bringing the various larceny crimes together in a single statute was "to eliminate these technical and absurd distinctions that have plagued the larceny related offenses and produced a plethora of special provisions in the criminal law [because] an "unintelligible body of statutory and case law" that had "crept into the statutory and common law of larceny over the centuries." *State v. White*, 348 Md. 179, 195-6 (1997) (quoting Joint Subcommittee on Theft Related Offenses, *Revision of Maryland Theft Laws and Bad Check Laws* at 2 (Oct. 1978)).
>
> The consolidation was not designed to change the substantive law of the various crimes brought together under the singular umbrella of the theft statute. *Id.* It is one crime defined in a multitude of ways. *Rice v. State*, 311 Md. 116, 136 (1987). Thus, it does not create a Double Jeopardy situation if the jury accepts one version of the statute and rejects another.

*Id.* at *7–*8.

Stone asserts that this is not the double jeopardy issue he seeks to raise before this Court. Instead, he asserts that the relevant double jeopardy issue is "inextricably bound with the ineffective-assistance-of-counsel/insufficient-evidence claim that [Stone] raised as the third issue on direct appeal." ECF No. 14 at 2. Stone complains that the Court of Special Appeals declined to address this claim, even though he raised it in his opening and reply briefs, a letter brief that he filed before oral argument, and during oral argument.[3] *Id.* at 2–3.

This Court declines to accept Stone's contention that these issues are inextricably bound together. None of the questions presented to the Court of Special Appeals specifically raises the Petition's "primary" claim that Stone will be subjected to double jeopardy if he is retried, because the evidence in the first trial was constitutionally insufficient. *See* ECF No. 13-1 at 20. Moreover,

[3] The Court of Special Appeals summarily declined to address Stone's ineffective assistance of counsel claim, stating that "direct appeals are rarely the appropriate venue to determine ineffective assistance of counsel claims. 'Post-conviction proceedings are preferred with respect to ineffective assistance of counsel claims because the trial record rarely reveals why counsel acted or omitted to act, and such proceedings allow for fact-finding and the introduction of testimony and evidence directly related to the allegations of the counsel's ineffectiveness.'" *Stone*, 2021 WL 514287 at *8 (quoting *Mosley v. State*, 378 Md. 548, 560 (2003)). The Court found that Stone did not meet the limited exception to overcome this preference, which is explained in *Mosley*. *Id.* Notably, the Court of Special Appeals did not mention double jeopardy in their analysis of this claim. Moreover, as Stone's conviction was vacated, he has been granted all available relief, and this Court cannot provide any further relief on his ineffective assistance of counsel claim.

the briefs Stone submits in support of his Petition demonstrate that double jeopardy was not the argument presented on direct appeal. The excerpt of his opening brief discussing the ineffective assistance of counsel claim makes no reference to the Double Jeopardy Clause at all; only in his reply brief does Stone make the conclusory assertion that, "If an appellate court concludes that there is insufficient evidence supporting a conviction, the Double Jeopardy Clause prevents a retrial on that charge." ECF No. 14-1 at 8 (citing *Burks v. United States*, 437 U.S. 1 (1978)). This can hardly be called a fair presentation of the operative facts and controlling legal principles pertaining to double jeopardy, nor does it explain how the two issues are inseparably linked.

Rather, the thrust of Stone's argument is that the appellate court cannot ignore his insufficient evidence claim, even though it reversed his conviction due to a trial error. *See* ECF Nos. 14-1, 14-2. This is the question Stone presented in his petition for a writ of certiorari to the Maryland Court of Appeals:

> When an appellate court reverses a criminal defendant's conviction on the basis of trial error, should that court, before remanding for a retrial, address the merits of a claim that the defendant's trial counsel provided ineffective assistance by failing to move for a judgment of acquittal based on clearly insufficient evidence of the charge of which the defendant was convicted or, at least, remand for a hearing on the ineffectiveness claim to occur before a retrial commences?

ECF No. 14-3 at 2.

In his petition for a writ of certiorari, Stone even goes on to say that it is "not merely an 'ineffectiveness' issue. Ultimately, it concerns the fundamental issue of whether there is constitutionally sufficient evidence supporting [Stone's] sole conviction at trial." *Id.* at 9. Stone only generally asserts that double jeopardy should prevent his retrial. *Id.* Stone otherwise does not a raise a double jeopardy issue with the Court of Appeals. While Stone may have, in his reply brief on direct appeal, raised the insufficiency of evidence and failure to move for judgment of acquittal issues, his passing reference to the possibility of double jeopardy cannot be construed as

raising the issue on direct appeal. Stone's effort to "inextricably" link these claims is insufficient to demonstrate that his double jeopardy claim has been exhausted. Therefore, Stone has not exhausted his "primary" claim that it is a violation of the Fifth Amendment Double Jeopardy Clause for him to be retried after being initially convicted with constitutionally insufficient evidence.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir.2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). Stone fails to meet this standard, so a Certificate of Appealability shall not issue.

**CONCLUSION**

For the reasons stated above, the Petition (ECF No. 1) must be dismissed without prejudice. Therefore, the Motion to Stay and Renewed Motion to Stay (ECF Nos. 3, 8) shall be denied.

A separate Order follows.

Dated this 26 day of July, 2021.

FOR THE COURT:

James K. Bredar
Chief Judge